UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PABLO VARGAS and
ZACHARY TALKOVIC,

      Plaintiffs,

vs.                                      Case No.:

TRINET HR III, INC.,
a Foreign Profit Company,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, PABLO VARGAS and ZACHARY TALKOVIC, ("Plaintiffs") by and through the undersigned attorney, hereby sues the Defendant, TRINET HR III, INC., a foreign profit corporation, for failing to pay complete overtime wages for every hour worked, pursuant to 29 U.S.C. § 216(b) ("FLSA").

## PARTIES

1. Plaintiffs were employed by Defendant as Sales Development Representatives from August 2015 through July, 2018, and performed related activities for Defendant in Manatee County, Florida.

2. Defendant, TriNet HR III, Inc. ("Defendant") is a foreign profit corporation that operates and conducts business in, among others, Manatee County, Florida, and is therefore within the jurisdiction of this Court.

## STATEMENT OF FACTS

3. This action is brought under the FLSA to recover from Defendnat overtime compensation, liquidated damages, and reasonable attorney fees and costs.

4. This court has jurisdiction over Plaintiff's' claims pursuant to 28 U.S.C. §1337 and the FLSA.

5. At all material times relevant to this action, Defendant was a enterprises covered by the FLSA, as defined by 29 U.S.C. §§ 203(r) and 203(s).

6. Defendant operates multiple facilities for the purpose of providing human resource services to other companies. At all material times relevant to this action, Defendant had gross revenues of at least $500,000.00 annually and employed employees engaged in commerce or in the production of goods for commerce. Defendant's employees handle, sell and otherwise work on goods that have been moved in or produced for commerce. For example, Plaintiffs used office materials such as pens, pencils, paper, etc., and worked on computers that had been moved through commerce.

7. As Sales Development Representatives, Plaintiffs were not exempt from the overtime requirement of the FLSA.

8. Plaintiffs were employed by Defendant from approximately August 2015 through August 2018.

9. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiffs overtime wages for those hours worked in excess of forty (40) within a work week.

10. During their employment with Defendant, Plaintiffs were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

11. Plaintiffs estimate that during their employment Defendant paid them straight time wages for approximately 220 hours that should have been compensated at time and one half

Plaintiff's regular pay. Defendants, however, failed to include Plaintiffs' nondiscretionary bonus pay when calculating their regular rate for overtime pay.  For example, Plaintiffs were not paid the correct amount of overtime wages for the pay period June 17, 2018 through June 30, 2018 because Defendant failed to properly calculate their overtime rate.  Defendant's miscalculation was intentional and willful.

12. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession, custody and control of the Defendant.

13. Upon information and belief, Defendant did not rely on any Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

14. Defendant employs more than fifty employees and are relatively sophisticated employers with the resources to ensure compliance with the FLSA.  Therefore, Defendant knew or should have known with reasonable diligence that their conduct violated the Fair Labor Standards Act.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

15. Plaintiffs reincorporate and readopts all allegations contained within paragraphs 1-14 above as fully set forth herein.

16. Plaintiffs are entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week between June 2015 and August 2018.

17. During their employment with Defendant, Plaintiffs regularly worked overtime hours but was not paid time and one-half compensation for the same. Defendants, failed to include Plaintiffs' nondiscretionary bonus pay when calculating their regular rate for overtime pay. Therefore, Plaintiffs were not paid the overtime pay due to them.

18. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages and is incurring reasonable attorneys' fees and costs.

19. Defendant was aware that Plaintiffs performed non-exempt job duties but still refused to pay Plaintiffs overtime for hours worked over forty (40).

20. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

21. Defendant failed to post required FLSA informational listings as required by the FLSA.

22. Defendant's conduct was in reckless disregard of the overtime requirements of the FLSA.

23. Defendant willfully violated the FLSA. Therefore, Plaintiffs are entitled to recover unpaid overtime wages for a period of three years.

24. Plaintiffs are entitled to liquidated damages.

WHEREFORE, Plaintiffs demand judgment against Defendant for the payment of all overtime hours at the properly calculated one and one-half the regular rate of pay for the hours worked during a three year period by Plaintiffs for which Defendant did not properly compensate Plaintiffs, liquidated damages, reasonable attorney fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable.

Dated this 10th day of April, 2019.

                                      MORGAN & MORGAN, P.A.

                                      **/s/ Mitchell L. Fraley**
                                      MITCHELL L. FRALEY, ESQ.
                                      Florida Bar No. 0132888
                                      Morgan & Morgan, P.A.
                                      201 N. Franklin Street, #600
                                      Tampa, FL 33602
                                      Telephone 813-393-5457
                                      Fax:  813-393-5481
                                      Email: Mfraley@forthepeople.com
                                      *Attorney for Plaintiff*